IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RUBY MCMULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 3:15cv16-WHA |
| | ) | (WO) |
| TUSKEGEE UNIVERISTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion for More Definite Statement (Doc. # 6), filed by the Defendant on February 5, 2015, and a Motion for Entry of Scheduling Order (Doc. #13), filed by the Plaintiff on February 26, 2015.

The Plaintiff filed a Complaint in this case on January 8, 2015.  The Plaintiff brings Title VII and breach of contract claims arising from her termination, which she alleges was a reaction to her opposition to the termination of two employees of the Defendant in December of 2013.

The Defendant filed both an Answer (Doc. #5) and a Motion for More Definite Statement (Doc. #6) on February 5, 2015.

For reasons to be discussed, the Motion for More Definite Statement is due to be DENIED and the Motion for Entry of Scheduling Order is due to be DENIED as moot.

**II.  MOTION FOR DEFINITE STATEMENT STANDARD**

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

A party may move for a more definite statement of a pleading to which a

> responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

### III. DISCUSSION

The Defendant, Tuskegee University ("Tuskegee"), moves for more definite statement on the ground that the Plaintiff, Ruby McMullen ("McMullen"), has not identified the employees about whose termination she complained, and has not identified whom she means when she refers to "the University" in her Complaint.

McMullen responds that the Motion for More Definite Statement, which was filed after Tuskegee's Answer, is untimely. She argues that this is not a heightened pleading case, and that Tuskegee may not use its motion to obtain discovery.

As set out above, under Federal Rule of Civil Procedure 12(e), a Motion for More Definite Statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  "The motion is intended to provide a remedy for an unintelligible pleading rather than a vehicle for obtaining greater detail." *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

Tuskegee's motion, filed contemporaneously with and not before the Answer, is untimely under the plain language of Rule 12(e).  Fed. R. Civ. Proc. 12(e); *see also Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 9901 (stating that "[b]ecause Defendants have filed an answer to Plaintiffs' complaint, their motion does not comply with the requirement in Rule 12(e) that such a motion be made 'before filing a responsive pleading.'"); *cf. Guarantee Co. of N. Am. USA v. W.D.*

*Wainwright & Sons, Inc.*, No. 2:09cv1003-MEF-TFM, 2010 WL 1141116 (M.D. Ala. March 23, 2010) (stating that where a motion was docketed after the answer, the motion could not be considered as a Rule 12(b) motion). The motion is, therefore, due to be DENIED on that basis.

The court also agrees with McMullen that the Complaint satisfies the notice pleading requirement of Federal Rule of Civil Procedure 8(a). *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (holding that notice pleading applies to Title VII claims). Tuskegee is identified as McMullen's employer in the Complaint. The unnamed individuals are not alleged to have violated McMullen's rights. It is instead the reaction to McMullen's complaint about the two individuals' termination which is the subject of her Complaint in this case. The identities of those persons can be gained through discovery. The Motion for More Definite Statement is, therefore, due to be DENIED on this alternative basis.

The court will extend the time in which the parties must file a Rule 26(f) Report of Parties Planning Meeting, mooting McMullen's request for entry of a Scheduling Order.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for More Definite Statement (Doc. #6) is DENIED.

2. The time for the parties to meet and confer, and to file a Rule 26(f) Report of Parties Planning Meeting containing a discovery plan is extended until March 6, 2015.

3. The Motion for Entry of Scheduling Order (Doc. #13) is DENIED as moot.

Done this 2nd day of March, 2015.

                                            /s/ W. Harold Albritton
                                            W. HAROLD ALBRITTON
                                            SENIOR UNITED STATES DISTRICT JUDGE